> **NOT FOR PUBLICATION WITHOUT THE
> APPROVAL OF THE APPELLATE DIVISION**
>
> This opinion shall not "constitute precedent or be binding upon any court."
> Although it is posted on the internet, this opinion is binding only on the
> parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0802-15T2

IN THE MATTER OF JOHANNA RIOS,
NEWARK SCHOOL DISTRICT.

_____

Submitted February 7, 2017 — Decided  February 23, 2017

Before Judges Fisher and Ostrer.

On appeal from the Civil Service Commission, Agency Nos. 2016-171 and 2015-861.

Zazzali, Fagella, Nowak, Kleinbaum & Friedman, attorneys for appellant Johanna Rios (Colin M. Lynch, of counsel; Mr. Lynch and Kaitlyn E. Dunphy, on the brief).

Charlotte Hitchcock, General Counsel, attorney for respondent Newark School District (Bernard Mercado, of counsel and on the brief).

Christopher S. Porrino, Attorney General, attorney for respondent New Jersey Civil Service Commission (Pamela N. Ullman, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Johanna Rios was employed by the Newark School District for more than fourteen years until her termination — pursuant to a reduction in force plan — in August 2014. In appealing an

unfavorable decision rendered by the Civil Service Commission, Rios argues the evidence demonstrated — or at least generated a genuine factual dispute — that she was a "teacher's aide" and not a "community aide — bilingual," and that she, consequently, had seniority over six other teacher's aides who were retained in the wake of the reduction plan. Because we agree there was a genuine factual dispute about her position that could not be resolved without an evidentiary hearing, we remand for that purpose.

The record reveals that the Commission correctly recognized that Rios's seniority or layoff rights were informed by the factors set forth in N.J.A.C. 4A:8-2.1,[1] but the Commission only assessed Rios's argument through a mechanical consideration of the precise title assigned to her without a fair consideration of the nature of her employment. For this and other reasons, Rios argues the Commission's final decisions[2] were arbitrary, capricious, and contrary to law, and should be reversed; in the alternative, Rios seeks a remand for an evidentiary hearing.

We agree an evidentiary hearing is required. Rios asserted she was classified as, and performed the duties of, a teacher's

---

[1] Subsection (a) provides four factors for determining "title comparability," and subsection (b) provides four factors for determining the presence of a demotional title right.

[2] She also appeals the Commission's denial of reconsideration.

 A-0802-15T2

aide, that she was enrolled in the Public Employees Retirement System as a teacher's aide, and that she was compensated as a teacher's aide.

In disregarding these and other illuminating circumstances, the Commission relied on the title provided by the employer to the Commission when Rios was hired fourteen years earlier; allegedly unknown to Rios, the employer then designated her as a community aide. Because there seems to be no dispute that — if considered a teacher's aide — Rios possessed sufficient seniority over others to preclude her termination pursuant to the reduction plan, we remand for an evidentiary hearing to ascertain Rios's appropriate title and position in light of what she actually was hired to do and what she did for the school district over the years, as well as the other relevant factors set forth in N.J.A.C. 4A:8-2.1. We reject not only the contention that the applicable regulations preclude consideration of the actual circumstances surrounding Rios's employment and turns only on a label placed in a file without the employee's knowledge, but also the argument that there can be no hearing even when the facts are contested because such appeals are normally determined through consideration of a paper

record, N.J.A.C. 4A:8-2.6(a)(2).[3] In fact, although N.J.A.C. 4A:2-1.1(d) may presuppose that most appeals of this sort can be fairly adjudicated on the papers, that regulation also recognizes there will be cases in which "a material and controlling dispute of fact can only be resolved by a hearing." This is one such case.

Reversed and remanded for further proceedings in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] The school district contends an evidentiary hearing is foreclosed by these regulations; interestingly, the Commission has not made that argument.